## BOOTH v. EIGHMIE, appellant.

*Contract — consideration — Statute of frauds — promise to pay debts of another— what is not.*

The plaintiff held the title to certain lands owned by C., by a deed absolute on its face, but which was intended as a mortgage to secure C.'s indebtedness to him.   At the request of the defendant, he gave up that security and received from C., in payment of her debt, certain railroad bonds, which the defendant had furnished to C., in consideration of which the defendant agreed, by parol, to redeem such bonds, at par, by paying to the plaintiff the amount represented by them, within a year.   *Held,* (1) that there was a sufficient consideration to support the agreement ; and (2) that the promise was not one to answer for the debt or default of C., that having been paid by the transfer of the bonds ; and was, therefore, not within the statute of frauds.

APPEAL from a judgment entered at the special term, on a trial before the court without a jury.   The action was brought by Ezra B. Booth against Jeremiah Eighmie to obtain a judgment, declaring that the defendant, and all persons claiming under him, be barred and foreclosed of all equity of redemption or other interest in certain first mortgage bonds of the Dutchess and Columbia Railroad Company, directing a sale of the bonds, under the direction of the court, by a receiver ; and that the proceeds of such sale be applied to the payment of the amount due to the plaintiff from one Sarah A. Collins, and that, in case of a deficiency, the defendant pay the same.

The judge found these facts : That in January, 1869, Sarah A. Collins was indebted to the plaintiff in the sum of $9,000, the payment of which was secured by an instrument held by the plaintiff, conveying to him a tract of land in the counties of Orleans and Genesee, containing about 1,600 acres, which instrument, although in form an absolute deed, was intended as a mortgage to secure the payment of said indebtedness.   That said Sarah A. Collins, being desirous of paying said indebtedness and procuring a re-conveyance of said land to herself, applied to the defendant to lend and advance money to pay such indebtedness.   The defendant thereupon negotiated with the plaintiff, and on the 7th of May, 1869, it was agreed by and between the plaintiff and the defendant that the former should convey said land to Mrs. Collins, and that the defendant, in

Booth v. Eighmie.

consideration of such conveyance, should pay the plaintiff the said sum of $9,000, with interest from January 1, 1869, on or before the expiration of one year from the time of such conveyance. The defendant, at the same time, delivered to and deposited with the plaintiff, in pledge, to secure the payment of that sum, as so provided, the bonds described in the complaint. That at the same time the defendant, in and for the same consideration above stated, promised and agreed to and with the plaintiff, that he, the defendant, would, within one year thereafter, redeem the said bonds at par, by paying to the plaintiff the amount of principal and interest represented by them at the time of such redemption. That the plaintiff had collected and applied toward the reduction of interest, the interest which had accrued on said bonds from January 1, 1869, to January 1, 1871, and that there remained due and owing to the plaintiff, upon said debt agreed to be paid by the defendant, the sum of $9,000, and interest from January 1, 1871. That the bonds were still in the plaintiff's possession, and the defendant had neglected to redeem the same.

Upon these facts the court decided, as matter of law, that the plaintiff was entitled to the relief specifically demanded in the complaint, with costs.

*J. C. Chumasero,* for appellant.

*A. L. Barton* and *Edw. Harris,* for respondent.

GILBERT, J. The court below has found that the defendant promised to redeem the bonds. There is abundant evidence to sustain this finding. Indeed, a contrary conclusion would hardly be warranted by the testimony. Two points are made : 1. That the promise is without consideration. 2. That it is within the statute of frauds.

The substance of the transaction in controversy was this: The plaintiff held the title to certain lands belonging to Mrs. Collins, which in form was absolute, but which was really intended as a security for her indebtedness to him. At the request of the defendant he received from Mrs. Collins, in payment of her said indebtedness, certain bonds made by a railroad corporation, which the defendant had furnished to Mrs. Collins, in consideration of which the defendant made the promise in question.

Was there a valid consideration for this promise ? The plaintiff gave up a security upon real estate, and took a transfer of chattels

in lieu of money in payment of Mrs. Collins' indebtedness. This was done at the request of the defendant. The change might be disadvantageous to the plaintiff, and although without benefit to the defendant, we think the consideration is sufficient to uphold the promise. The case of *Willatts v. Kennedy*, 8 Bing. 5, is a good illustration of the rule governing this point. In that case the plaintiff who had been appointed by the court of chancery a receiver of the debts and money of a firm, agreed to give time of payment to a person, who owed money to the firm, in consideration of which a third person promised to guarantee the debt. The promise was upheld on the ground that by giving time the receiver had incurred a responsibility which was a sufficient detriment to uphold the defendant's promise. In this case, moreover, the market value of the bonds when the plaintiff took them was fifteen per cent below par. It must be assumed that the security which the plaintiff relinquished was sufficient, for it was so treated by all the parties to the transaction. Without the benefit of the defendant's promise, therefore, the plaintiff would be subjected to a loss. In either view of the case, therefore, the consideration was sufficient. 2 Pars. on Contr., §§ 2–9. The promise was not one to answer for the debt or default of Mrs. Collins. Her indebtedness to the plaintiff had been paid by the transfer of the bonds. That fact is averred in the defendant's answer, and is a necessary inference from the nature of the transaction. She did not promise the plaintiff to redeem the bonds, or incur any obligation to him on the subject. The statute of frauds, therefore, has no application to the case.

The judgment should be affirmed, with costs.

*Judgment affirmed.*